**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ALI ANVARI MAJD | ) | Case No. 12-15764-HRT |
| SSN:xxx-xx-5351 | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | Adversary Proceeding No. ______________ |
| JEFFREY A. WEINMAN, Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALI ANVARI MAJD | ) | |
| | ) | |
| Defendant. | ) | |

**TRUSTEE'S COMPLAINT OBJECTING TO THE DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(6)**

JEFFREY A. WEINMAN, the duly appointed Chapter 7 trustee in this case, by and through his attorneys Allen & Vellone, P.C., and for his Complaint Object to the Debtor's Discharge Pursuant to 11 U.S.C. § 727(a)(6), states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Ali Anvari Majd aka Alan Anvari Majd ("Debtor") is an individual who, upon information and belief, resides at 1510 Prairie Place, Broomfield, Colorado, 80023.

2. Jeffrey Weinman is the duly appointed chapter 7 trustee (the "Trustee") of the Debtor's bankruptcy estate and is the Plaintiff herein.

3. Jurisdiction is proper pursuant to 11 U.S.C. §§ 1334(b) and to 28 U.S.C. §§ 157(a) and (b).

4. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (J), and (O).

5. This matter is properly brought as an adversary proceeding under Fed. R. Bankr. P. 7001(4).

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## GENERAL ALLEGATIONS

7. This adversary proceeding is brought to seek denial of the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(6).

8. The Debtor filed for relief under Chapter 7 of the Bankruptcy Code on or about March 27, 2012 (the "Petition Date").

9. On or about July 5, 2013, the Trustee, the Debtor, Farkhondeh Khaighobad, Asghar A. Majd, and Shahnaz Emami, entered into a Settlement Agreement in which they agreed to pay to the Trustee the sum of one hundred and fifty thousand dollars ($150,000.00) in two payments.

10. A Motion to Approve the Settlement Agreement was filed on July 5, 2013. [Docket No. 177, 12-15764-HRT].

11. On or about August 1, 2013, this Court entered an Order Approving Settlement Agreement. [Docket No. 180, 12-15764-HRT].

12. The two payments due and owing to the Trustee are: (i) the first payment of $105,000 shall be made within 7 days of the Order of the Court granting the Motion [August 8, 2013]; and an executed promissory note in the amount of $45,000 due and payable within 90 days of the Order of the Court granting the Motion [October 30, 2013]. *See* Docket No. 177-1, 12-15764-HRT].

13. Since this Court's Order, the Debtor has failed to remit the required first payment of $105,000.00 which was due on or before August 8, 2013.

14. The defendant/debtor has failed to comply with the Court's Order approving the Settlement and is in breach of the settlement agreement.

15. On August 28, 2013, counsel for the Trustee notified counsel for the Debtor that unless $105,000.00 was received in cash or certified funds by 5:00 p.m., Friday, August 30, 2013, the Trustee would move the Court to object to the Debtor's discharge.

16. On August 30, 2013, at or about 4:17 p.m., counsel for the Debtor, John Tinder, telephoned the undersigned and left a voicemail message stating:

> Mr. Larson this is John Tinder I was calling in reference to the Estate of Ali Majd bankruptcy case, we have a deadline of 5:00 p.m. today for the $105,000.00 settlement check. I have the funds and I have deposited them in the COLTAF account that . . . from different family members and friends, and um, I'm headed your way to drop off the uh, the the, COLTAF check. However traffic is exceedingly difficult so um I wanted to make sure that you understood that we have the funds, they are going to be delivered to you, I do not know if it'll be 5:00 p.m. or later when the check will be delivered, hopefully somebody will still there to receive it, but they are directed towards you they're verified funds cause I put them in the COLTAF account. So if you could call me back on Monday, or Tuesday, I would appreciate it. 720-

375-6829.

17. Mr. Tinder did not deliver the COLTAF Check in the amount of $105,000.00 on August 30, 2013.

18. At 5:26 p.m., August 30, 2013, the undersigned emailed Mr. Tinder stating, "We have not yet received the funds as promised. Please let me know the status." At 5:58 p.m. on August 30, 2013, Mr. Tinder responded, writing "I tyrned (sic) around because I could not get to you in time. I can turn around a few (sic) again or I can he (sic) there first thing Tuesday. John."

19. On Tuesday, September 3, 2013, at 10:22 a.m., the undersigned emailed Mr. Tinder, writing "'First thing Tuesday' has come and gone with no funds delivered by you. I expect you to deliver funds before noon."

20. At 11:39 a.m. Mr. Tinder left the following voicemail:

> Hey Mark this is John Tinder its 11:40, calling on the Ali Majd, I got your message and I apologize we weren't able to get the check to you this morning. I'm being very straight forward with you, I'm not trying to play games, you know as an officer of the Court I'm trying to honor the agreement. My problem this morning is that the bank has not released the funds and I'm a little bit worried about handing you the COLTAF check. I know I was prepared to give it to you on Friday, and I'm still prepared to give it to you, it's just we deposited the 105 in cash and for some reason the bank today they told me the cash would be available immediately which is why I was on my way to bring it to you and now there is a hold on half of it and I'm trying to get ahold of the bank manager to ask why there's a hold on cash. But, um, I'm expecting a call from him at any moment, I'm downtown, I'm out in front of the DA's office actually at the corner of Colfax and 14th, so I'm right here and I have the check with me so um I apologize I wanted to talk to you in person about this. If you'd give me a call back I'd appreciate it 720-375-6829. Like I said I can bring the COLTAF check to you and I can deliver it to you, its just right now there is a hold on half of it, so. Please give me a call back. Thank you, bye.

21. In response to the voicemail of Mr. Tinder, the undersigned advised that the check must be delivered on September 3, 2013. The check was actually delivered by Mr. Majd at or about 6:10 p.m. on September 3, 2013.

22. The COLTAF Check was made payable to Jeffrey Weinman as the Chapter 7 Trustee.

23. On September 4, 2013, at about 1:19 p.m., the undersigned wrote an email to Mr. Tinder stating, "Unless I hear otherwise, I am going to deliver this check to Jeff Weinman and he will deposit the check today." To which Mr. Tinder responded at or about 1:23 p.m., "Let me call the bank again. I will e-mail you again / call you shortly." At 4:20 p.m., Mr. Tinder emailed, "Still no return call from Bank Mgr and still no lift on hold. I have an 8:30 tomorrow, then schedule clear. I am going to go into my Wells Fargo business branch tomorrow after court and find out why nobody is returning my call."

24. The COLTAF Check was delivered to the Trustee's office on Thursday, September 5, 2013.

25. On Thursday, September 5, 2013, at about 1:33 p.m., the undersigned emailed Mr. Tinder and wrote, "I have not heard from you as you had promised. I have delivered the check to Mr. Weinman's office and I expect that they will deposit the check today."

26. Neither Mr. Tinder nor anyone from his office has made any contact with the attorneys from Allen & Vellone since September 4, 2013.

27. On or about Thursday, September 5, 2013, Mr. Tinder contacted the Trustee and requested that the Trustee wait until Friday, September 6, 2013 to deposit the COLTAF Check.

28. On Friday, September 6, 2013, the Trustee dropped the COLTAF Check into Federal Express for delivery to the Trustee's bank.

29. Upon information and belief, the COLTAF Check was deposited on Monday, September 9, 2013.

30. On Wednesday, September 11, 2013, the Trustee was informed by his bank that the COLTAF Check was returned unpaid due to a stop payment order. At 1:00 p.m., the undersigned emailed Mr. Tinder, and stated

> Your COLTAF check was returned by the bank because you put a stop payment. You did not inform either myself or Mr. Weinman that you placed a stop payment on the check. If you had deposited $105,000 in cash, as you stated previously, there should be no reason to place a stop payment. If we do not receive certified funds of $105,000.00 by 5:00 p.m. today, September 11, 2013, I will file the Complaint to Revoke and Object to Discharge against Majd.

31. Mr. Tinder did not respond to the undersigned.

32. Although Mr. Tinder stated that there "is a hold on half of" the $105,000.00 dollars alleged to have been deposited, he never contacted the undersigned to arrange to provide a check for the alleged available $52,500.00.

33. Mr. Majd has breached the settlement agreement as approved by this Court

## **<u>CLAIM FOR RELIEF</u>**
## **(Denial of Discharge - 11 U.S.C. 727(a)(6))**

34. The Plaintiff realleges paragraphs 1 through 33 inclusive, and incorporate them by reference.

35. 11 U.S.C. § 727(a)(6)(A) provides that the court shall grant the debtor a discharge unless the debtor has refused in the case to obey any lawful order of the court.

36. The debtor's discharge should be denied for his failure to comply with the Court's

Order approving the Settlement Agreement requiring the Debtor to make payments to the Trustee.

37. On request of the trustee, the court may deny discharge.

WHEREFORE, Jeffrey A. Weinman, as Chapter 7 Trustee, respectfully requests that the Court deny the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(6) and for such other and further relief as may be just and proper.

Dated: September 12, 2013.

Respectfully submitted,

ALLEN & VELLONE, P.C.

*/s/ Mark A. Larson*

Patrick D. Vellone, #15284
Mark A. Larson, #30659
Tatiana G. Popacondria, #42261
1600 Stout Street, Ste. 1100
Denver, Colorado 80202
303-534-4499
pvellone@allen-vellone.com
mlarson@allen-vellone.com
tpopacondria@allen-vellone.com

ATTORNEYS FOR CHAPTER 7 TRUSTEE